UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                            BKY 15-42035-MER

Dawn Marie Reiser,                                                Chapter 13

      Debtor.

_____

MEMORANDUM DECISION
_____

At Minneapolis, Minnesota, June 26, 2017.

This matter comes before the Court on motion of CAB West LLC, as serviced by Ford Motor Credit Company LLC ("CAB West" or the "movant"). CAB West seeks either allowance of an administrative expense priority claim under 11 U.S.C. § 503(b) or dismissal of the case under 11 U.S.C. § 1307(c)(6). The debtor, Dawn Marie Reiser ("the debtor" or "Ms. Reiser"), filed an objection, as did the chapter 13 trustee, Gregory A. Burrell. A hearing on the motion was held on May 18, 2017, after an order confirming the debtor's modified post-confirmation chapter 13 plan was docketed, on May 4, 2017. Bradley J. Halberstadt represents CAB West. Nicole Anderson represents the debtor. Jeffrey M. Bruzek represents the chapter 13 trustee. Based on the record, the matter is ready for disposition.

This memorandum decision constitutes the Court's findings of facts and conclusions of law under FED. R. BANKR. P. 7052, made applicable to contested matters under FED. R. BANKR. P. 9014(c). The Court has jurisdiction here through 28 U.S.C. §§ 1334 and 157. This matter qualifies as a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## THE BACKGROUND

The necessary background information is straightforward. Ms. Reiser leased a 2014 Ford Edge from CAB West.[1] She filed her petition under chapter 13 of the Bankruptcy Code;[2] her plan was filed on June 4, 2015. She later filed a modified plan on December 1, 2015, which was confirmed on January 11, 2016. After confirmation of that plan, she filed yet another modified plan; this one was confirmed on May 4, 2017. At no point did the movant voice an objection to any plan.

The unopposed, confirmed plan now in force treats the claims of the debtor's creditors. In relation to the movant, the plan states in part:

**4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]**- The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| Creditor | Description of Property |
|---|---|
| **Ford Motor Credit Company LLC** | **Lease of 2014 Ford Edge (approximately 16,000 miles)** – lease is completed and vehicle surrendered to Ford |

ECF No. 38. By its terms, "cure provisions, if any, are set forth in ¶ 7 [of this plan]." Paragraph 7 goes on to state:

**7. CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e)]** — The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate.*

| | Creditor | Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|
| a. | **NONE** | | | | | | |

Id. Paragraph 9 of this plan handles the treatment of claims entitled to priority under 11 U.S.C. § 507:

**9. PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. *The amounts listed are estimates*. The trustee will pay the amounts actually allowed.

| | Estimated Claim | Monthly Payment | Beginning in Month # | Number of TOTAL Creditor Payments | PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fee | $7,500.00 *paid by Trustee $750.00 | 750.00 | 1 | 1 | $750.00 |

---

[1] No party disputes that the debtor surrendered the vehicle to the movant in January of 2017.

[2] Unless stated otherwise, references to the "Bankruptcy Code" or to specific statutory sections in this memorandum decision are to 11 U.S.C. §§ 101-1532.

2

    b. Internal Revenue Service
    c. MN Department of Revenue
    d. Domestic Support Obligations
        Total     $750.00

Id. The plan reshaped the relationship of rights as between Ms. Reiser and the movant, as well as her other creditors. Yet, the movant filed a motion seeking to sculpt its rights after the clay had already hardened–by way of plan confirmation.

The Court confirmed the modified post-confirmation plan on May 4, 2017, and the movant's hearing on this motion[3] occurred on May 18, 2017. In its motion, the movant wants $3,602.86[4] elevated, in relation to general unsecured creditors, to the status of an administrative expense claim under § 503(b)(1)(A) for "actual, necessary costs and expenses of preserving the estate[.]" 11 U.S.C. § 503(b)(1)(A). In the alternative, the movant sought dismissal of the debtor's case under § 1307(c)(6), for a "material default by the debtor with respect to a term of a confirmed plan." 11 U.S.C. § 1307(c)(6). At the hearing, the Court denied the movant's alternative relief sought. Thus, one issue remains.

## THE ISSUE

With some exceptions, section 1327 of the Bankruptcy Code binds the debtor and her creditors to the terms of a confirmed chapter 13 plan. Here, a confirmed chapter 13 plan exists. May the movant nevertheless achieve administrative expense claimant status under § 503(b)(1)(A), even though the confirmed chapter 13 plan does not provide for that treatment?

---

[3] CAB West attached the debtor's now confirmed chapter 13 plan as exhibit C to its motion. ECF No. 40 at 8-10.

[4] The movant calculated $3,602.86 by the addition of $582.40 for "Excessive Wear/Tear," $1,292.86 for "Payments Owed," $1,579.00 for "Excess Mileage Charge," and $148.60 for "Taxes." ECF No. 40 at 2. [$582.40 + $1,292.86 + $1,579.00 + $148.60 = $3,602.86]. ["Excessive Wear/Tear" + "Payments Owed" + "Excess Mileage Charge" + "Taxes" = Total]. Id.

**THE BINDING EFFECT OF A CONFIRMED CHAPTER 13 PLAN**

Section 1327(a) of the Bankruptcy Code is the fountainhead for the binding effect of a confirmed chapter 13 plan. 11 U.S.C. § 1327(a). The Bankruptcy Code supplies this binding effect through these words: "(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." Id.

Courts have illumined with insight the effect of § 1327(a). In IMPAC Funding Corp. v. Simpson (In re Simpson), the Bankruptcy Appellate Panel for the Eighth Circuit identified that, "The Eighth Circuit has noted that the binding effect of a confirmed plan may result in res judicata on claims that were or could have been decided in the confirmation process." 240 B.R. 559, 561 (B.A.P. 8th Cir. 1999) (citing Harmon v. United States, 101 F.3d 574, 582-83 n. 5 (8th Cir. 1996). After, in In re Simpson, the court catalogued cases, including one that discusses the binding effect of a confirmed chapter 13 plan, as "a tenet of res judicata," and others that discuss the effect without reliance upon res judicata. Id. at 561-62. The court then extracted this kernel of law from those cases:

> The sum of the judicial decisions that have considered the statutorily binding effect of a confirmed plan of reorganization is that if the confirmed plan treats the creditor, and if the creditor received proper notice of the plan and its proposed confirmation, the creditor's only potential remedy for a plan it doesn't like is to appeal the order of confirmation.

Id. at 562; see also, In re Siemers, 205 B.R. 583, 586 (Bankr. D. Minn. 1997) ("If a creditor doesn't like the treatment of its claim under the terms of a proposed plan, the creditor's remedy is to object to confirmation, not to ignore the plan and try to attack it later.").[5]

---

[5] The binding effect of a confirmed chapter 13 plan is not boundless. There are limited, recognized exceptions to this binding effect. See, e.g., HON. JOAN N. FEENEY, HON. MICHAEL G. WILLIAMS & MICHAEL J. STEPAN, BANKRUPTCY LAW MANUAL § 13:44 (5th ed. 2017) ("In general, a final order confirming the plan is binding as to the rights and liabilities of all creditors,

4

The binding effect of a confirmed chapter 13 plan decides this issue.  In paragraph 9 of the confirmed chapter 13 plan, claims entitled to priority under § 507 are classified.  Section 507 of the Bankruptcy Code ranks the priority of ten categories of certain unsecured claims, providing first priority to claims under § 507(a)(1), and tenth priority to claims under § 507(a)(10).  11 U.S.C. § 507(a)(1)-(10).  A category of claims that receives a second priority under § 507 is an administrative expense claim for "actual, necessary costs and expenses of preserving the estate" under § 503(b)(1)(A)–the sought status of the movant.  11 U.S.C. § 507(a)(2).  Here, paragraph 9 of the debtor's confirmed plan does not list a claim of CAB West for any amount as one entitled to priority under § 507.  Because the confirmed plan binds parties, and because the plan did not treat CAB West as an administrative expense claimant, the Court will not either.

## CONCLUSION

For the foregoing reasons, CAB West is not entitled to an administrative expense claim under 11 U.S.C. § 503(b)(1)(A).  The terms of the confirmed chapter 13 plan bind CAB West.

---

unless confirmation is revoked under § 1330, the case is converted or dismissed under § 349, or there are due process defects in the notice of the plan. Where a plan fails to provide adequate notice and specificity of the proposed treatment of a claim, it will not be given binding effect.") (citations omitted) (collecting cases).  A discussion of the application of each of those exceptions will ensue.

There can be no sustainable argument that any of the recognized exceptions apply to CAB West.  No revocation of the confirmed plan occurred under § 1330.  There has been no conversion or dismissal of the case under § 349.  Regarding due process, the debtor provided sufficient notice to CAB West's servicer of the proposed treatment of CAB West's claim.  ECF Nos. 37 at 9, and 38 at 8.  This motion attached the plan currently in force as its exhibit C.  ECF No. 40 at 8-10.  The movant's attorney filed a notice of appearance and request for notice on April 10, 2017.  ECF No. 39.  An order confirming the debtor's modified post-confirmation plan was entered on May 4, 2017.  ECF No. 41.  Lastly, the movant, at the hearing and through its motion and reply, never raised an issue concerning the adequacy of notice.  Thus, none of the recognized exceptions to the binding effect of § 1327(a) are in play here.

5

Accordingly, the movant's motion for allowance of an administrative priority expense claim, or for case dismissal, is **DENIED**.

**IT IS ORDERED**.

*/e/ Michael E. Ridgway*
United States Bankruptcy Judge

NOTICE OF ELECTRONIC ENTRY AND FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *06/26/2017*
Lori Vosejpka, Clerk, by MJS